IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUNSET HILLS TOWNHOMES, LLC, | Civil Action No. 8:26-cv-_____ |
| Plaintiff, | |
| v. | |
| ANDRES MENJIVER, in his individual and official capacity as code enforcement officer for the City of Bellevue, Nebraska, JOEY BOCKMAN, in his individual and official capacity as code enforcement supervisor for the City of Bellevue, Nebraska, the CITY OF BELLEVUE, NEBRASKA, and JOHN DOE, real name unknown, | **NOTICE OF REMOVAL** |
| Defendants. | |

Defendants Andres Menjiver, Joey Bockman and City of Bellevue, Nebraska (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove this case from the District Court of Sarpy County, Nebraska to the United States District Court for the District of Nebraska. In support of removal, Defendants state as follows:

1.      On May 27, 2026, Plaintiff Sunset Hills Townhomes, LLC ("Plaintiff") filed its Complaint in the District Court of Sarpy County, Nebraska in an action captioned *Andres Menjiver, in his individual and official capacity as code enforcement officer for the City of Bellevue, Nebraska, Joey Bockman, in his individual and official capacity as code enforcement supervisor for the City of Bellevue, Nebraska, the City of Bellevue, Nebraska, and John Doe, real name unknown*, Case No. CI26-1020 (the "District Court Action"). A true and accurate copy of the Complaint filed in the District Court Action is attached hereto as Exhibit "A" and incorporated herein by this reference.

2. On June 1, 2026, Defendant Andres Menjiver ("Menjiver") was served with Summons and a copy of the Complaint in the District Court Action.

3. On June 10, 2026, a Service Return for Menjiver was filed in the District Court Action.

4. On June 1, 2026, Defendant Joey Bockman ("Bockman") was served with Summons and a copy of the Complaint in the District Court Action.

5. On June 10, 2026, a Service Return for Bockman was filed in the District Court Action.

6. On June 1, 2026, Defendant City of Bellevue, Nebraska ("Bellevue") was served with Summons and a copy of the Complaint in the District Court Action.

7. On June 10, 2026, a Service Return for Bellevue was filed in the District Court Action.

8. No further proceedings have taken place in the District Court Action other than service of Summonses on Defendants and filing of Service Returns regarding the same.

9. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as claims in the Complaint arise under the Constitution and laws of the United States.

10. This action is removable to the United States District Court for the District of Nebraska pursuant to the provisions of 28 U.S.C. § 1441, which provides that any civil action brought in a state court where the district courts of the United States have original jurisdiction is removable to the District Court of the United States District Court, embracing the place where such action is pending.

11. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1), as it is being filed within thirty days after Defendants were served with a copy of Plaintiff's Complaint.  The time

within which Defendants are required to answer or otherwise respond to Plaintiff's Complaint has not expired.

12.    This Notice of Removal is appropriate under 28 U.S.C. § 1446(b)(2), as all defendants who have been properly joined and served consent to the removal of this action.

13.    Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal will be given to all parties, and a copy of this Notice of Removal will be filed with the Clerk of the District Court of Sarpy County, Nebraska.  A copy of the Notice of Filing Notice of Removal to be filed in the District Court of Sarpy County, Nebraska, without attachments noted therein, is attached hereto as Exhibit "B."

WHEREFORE, the allegations of Plaintiff's Complaint establish that this Court has original jurisdiction of this action by reason of federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Defendants give notice that the action pending in the District Court of Sarpy County, Nebraska, captioned *Andres Menjiver, in his individual and official capacity as code enforcement officer for the City of Bellevue, Nebraska, Joey Bockman, in his individual and official capacity as code enforcement supervisor for the City of Bellevue, Nebraska, the City of Bellevue, Nebraska, and John Doe, real name unknown*, Case No. CI 26-1020 is removed to the United States District Court for the District of Nebraska in Omaha pursuant to 28 U.S.C. §§ 1441 and 1446.

**DEFENDANTS ANDREW MENJIVER, JOEY BOCKMAN AND CITY OF BELLEVUE, NEBRASKA DESIGNATE OMAHA, NEBRASKA AS THE PLACE OF TRIAL.**

3

Dated this 22nd day of June, 2026.

ANDRES MENJIVER, JOEY BOCKMAN
AND CITY OF BELLEVUE, NEBRASKA
Defendants,

By: /s/ *Ryan M. Kunhart*
  Ryan M. Kunhart, #24692
  Laura L. Thompson, #28535
  Dvorak Law Group, LLC
  9500 W. Dodge Rd., Ste. 100
  Omaha, NE  68114
  402-934-4770
  402-933-9630 (facsimile)
  rkunhart@ddlawgroup.com
  lthompson@ddlawgroup.com

Attorneys for Defendants.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 22, 2026, the foregoing document was electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification to all CM/ECF participants, including the following:

David C. Briese
329 Pierce Street, Ste. 200
PO Box 27
Sioux City, IA  51102
dbriese@craryhuff.com

/s/ *Ryan M. Kunhart*
Ryan M. Kunhart

4

Filed in Sarpy District Court
*** EFILED ***
Case Number: D59CI260001020
Transaction ID: 0025062574
Filing Date: 05/27/2026 02:18:35 PM CDT

IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

| | |
|---|---|
| SUNSET HILLS TOWNHOMES, LLC | CI 26-_____ |
| Plaintiff | COMPLAINT |
| vs. | |
| ANDRES MENJIVER, in his individual and official capacity as code enforcement officer for the City of Bellevue, Nebraska, JOEY BOCKMAN, in his individual and official capacity as code enforcement supervisor for the City of Bellevue, Nebraska, the CITY OF BELLEVUE, NEBRASKA, and JOHN DOE, real name unknown | |

COMES NOW Plaintiff Sunset Hills Townhomes, LLC, by and through its attorneys, and for its Complaint, states and alleges as follows:

1.      Sunset Hills Townhomes, LLC ("Sunset Hills") is a Nebraska limited liability company with its principal place of business located in Omaha, Nebraska.

2.      Upon information and belief, Defendant Andres Menjiver ("Menjiver") is a resident of Sarpy County, Nebraska, who was an employee of Defendant City of Bellevue, Nebraska (the "City") at all times relevant to the events complained of herein; specifically, Menjiver was a Code Enforcement Officer for the City.

3.      Upon information and belief, Defendant Joey Bockman ("Bockman") is a resident of Sarpy County, Nebraska, who was an employee of the City at all times relevant to the events complained of herein; specifically, Bockman was the Code Enforcement Supervisor for the City.

4.      The City is a municipal corporation located in the State of Nebraska.

1

EXHIBIT

A

5. Upon information and belief, Defendant John Doe, real name unknown ("Doe"), is a Nebraska resident and independent contractor hired by the City to abate alleged nuisances.

6. The acts and omissions giving rise to Sunset Hills' claims occurred in Sarpy County, Nebraska.

7. Sunset Hills is the owner of the real estate commonly known as 302 Chateau Drive, Bellevue, Sarpy County, Nebraska (the "Real Estate").

8. On or about May 14, 2026, Menjiver, Bockman, and Doe entered upon the Real Estate and removed various personal property without justification or consent from Sunset Hills.

9. Menjiver, Bockman, and Doe allegedly were present on the Real Estate to remove personal property constituting a nuisance under the City's code of ordinances.

10. The City's code of ordinances requires the City to provide notice of a nuisance to be "delivered personally or by mailing such notice by first-class mail, postage prepaid, directed to the property owner of record, and by posting notice of the violation in a conspicuous place on or about the property." Bellevue, Nebraska Code of Ordinances § 19-8.

11. The City failed to personally deliver any notice of a nuisance violation on Sunset Hills.

12. The City also failed to mail any notice of a nuisance violation by first-class mail, postage prepaid, directed to Sunset Hills, and by posting any notice of a nuisance violation in a conspicuous place on the Real Estate.

13. On or about May 21, 2026, Sunset Hills received by first-class mail, postage prepaid, a statement from the City for allegedly abating the alleged nuisance in the amount of $350.00. The statement further provides that if it is not paid within sixty days, a lien will be placed on the property.

## COUNT I:  DECLARATORY JUDGMENT

14. Sunset Hills hereby incorporates all paragraphs of the Complaint as if fully set forth herein.

2

15.     Sunset Hills seeks a Declaratory Judgment from the court declaring the rights, status, or other legal relations between the parties in this matter pursuant to the court's power under Neb. Rev. Stat. § 25-21,149, *et seq.*

16.     The City's code of ordinances requires the City to either personally deliver a notice of nuisance violation on the owner of record or mail a notice of nuisance violation by first-class mail, postage prepaid, and post the notice of nuisance violation in a conspicuous place on the property.

17.     The City failed to provide Sunset Hills with notice of an alleged nuisance violation in compliance with the City's code of ordinances.

18.     Sunset Hills specifically requests a declaration from the court providing the following:

a.     The City failed to comply with the notice of nuisance requirements contained in its code of ordinances in relation to Sunset Hills;

b.     The City is not entitled to reimbursement of reasonable costs for removing the alleged nuisance; and

c.     The City is not entitled to place a lien or levy a special assessment upon the Real Estate for its reasonable costs in removing the alleged nuisance.

WHEREFORE, Sunset Hills requests that the court find and declare the rights of the parties to his action, that this court order the relief requested in paragraph 18 of this Complaint, for costs of this action, and for such other and further relief as is necessary and proper.

## COUNT II:  DENIAL OF PROCEDURAL DUE PROCESS RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION

19.     Sunset Hills hereby incorporates all paragraphs of the Complaint as if fully set forth herein.

20.     At all times material hereto, Menjiver, Bockman, and the City were acting under color of state law.

3

21.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits states from depriving any person of life, liberty, or property without due process of law.

22.     Menjiver, Bockman, and the City deprived Sunset Hills of its property without providing adequate procedural due process, including, but not limited to:

a.     Failing to provide adequate notice of an alleged nuisance contrary to the City's code of ordinances;

b.     Failing to provide a hearing or meaningful opportunity to contest the alleged nuisance;

c.     Seeking reimbursement of costs incurred by the City to abate any alleged nuisance from Sunset Hills; and

d.     Threatening to specially assess or place a lien on the Real Estate for the City's costs in abating the alleged nuisance.

23.     The City's custom or practice of failing to provide procedural due process as described in paragraph 22 is so widespread and persistent that it constitutes an unwritten policy.

24.     Menjiver, Bockman, and the City's actions violated clearly established constitutional rights of which a reasonable person would have known.

25.     As a direct and proximate result of Menjiver, Bockman, and the City's actions, Sunset Hills have suffered and continue to suffer damage including, but not limited to: economic loss, emotional distress, and loss of reputation.

WHEREFORE, Sunset Hills requests that a judgment is entered declaring that Menjiver, Bockman, and the City's actions violated Sunset Hills' procedural due process rights, award compensatory damages in an amount to be determined at trial, award punitive damages for Defendants willful and reckless conduct, award injunctive relief by prohibiting the City, Menjiver, and/or Bockman from seeking reimbursement of costs related to the abatement of the alleged nuisance and prohibiting Defendants from specially assessing or placing a lien on the Real Estate for the costs related to the abatement of the alleged nuisance, award

4

reasonable attorney fees and costs, and award such other and further relief as is necessary and proper.

## COUNT III:  TRESPASS

### (Against Doe)

26.    Sunset Hills hereby incorporates all paragraphs of the Complaint as if fully set forth herein.

27.    Sunset Hills has legal title to the Real Estate.

28.    Doe intentionally entered upon the Real Estate without legal justification or consent from Sunset Hills.

29.    Sunset Hills has suffered damages as a result of Doe's actions.

WHERFORE, Sunset Hills requests judgment against Doe in an amount that will fully and fairly compensate it, for prejudgment and post-judgment interest at the highest lawful rate, for costs, and for such other and further relief as is necessary and proper.

## COUNT IV: PERMANENT INJUNCTION

30.    Sunset Hills hereby incorporates all paragraphs of the Complaint as if fully set forth herein.

31.    Sunset Hills requests the court, pursuant to Neb. Rev. Stat. § 25-1062, *et seq.* and 42 U.S.C. § 1983 issue an injunction prohibiting the City, Menjiver, and/or Bockman from seeking reimbursement of costs related to the abatement of the alleged nuisance and prohibiting Defendants from specially assessing or placing a lien on the Real Estate for the costs related to the abatement of the alleged nuisance.

32.    Sunset Hills will suffer irreparable harm, loss, and damage unless the requested injunctive relief is ordered.

WHREFORE, Sunset Hills requests the court order a permanent injunction prohibiting the City, Menjiver, and/or Bockman from seeking reimbursement for costs related to the abatement of the alleged nuisance and prohibiting Defendants from specially assessing or placing a lien on the Real Estate for the costs related to the abatement of the alleged nuisance, and for such other and further equitable relief as is necessary and proper.

5

CRARY HUFF, P.C.

BY     /s/*David C. Briese*
       David C. Briese, #25425
       329 Pierce Street, Ste. 200
       PO Box 27
       Sioux City, Iowa 51102
       Telephone:  (712) 277-4561
       Fax:           (712) 277-4605
       dbriese@craryhuff.com
       ATTORNEYS FOR PLAINTIFF

6

IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

SUNSET HILLS TOWNHOMES, LLC,

              Plaintiff,

v.

ANDRES MENJIVER, in his individual and official capacity as code enforcement officer for the City of Bellevue, Nebraska, JOEY BOCKMAN, in his individual and official capacity as code enforcement supervisor for the City of Bellevue, Nebraska, the CITY OF BELLEVUE, NEBRASKA, and JOHN DOE, real name unknown,

              Defendants.

Case No. CI26-1020

**NOTICE OF FILING**
**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446, Defendants Andres Menjiver, Joey Bockman and City of Bellevue, Nebraska (collectively, "Defendants") hereby file a copy of the Notice of Removal attached hereto as Exhibit "1," which Defendants have filed with the United States District Court for the District of Nebraska pursuant to 28 U.S.C. § 1441 on June 22, 2026.

By this Notice, Defendants hereby effect removal of this civil action from the District Court of Sarpy County, Nebraska to the United States District Court for the District of Nebraska.

**EXHIBIT**

**B**

Dated this _____ day of June, 2026.

ANDRES MENJIVER, JOEY
BOCKMAN AND CITY OF
BELLEVUE, NEBRASKA
Defendants,

By: _____

Ryan M. Kunhart, #24692
Laura L. Thompson, #28535
Dvorak Law Group, LLC
9500 W. Dodge Rd., Ste. 100
Omaha, NE  68114
402-934-4770
402-933-9630 (facsimile)
rkunhart@ddlawgroup.com
lthompson@ddlawgroup.com

Attorneys for Defendants.

2